UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Ex Parte Application of<br><br>TASUKU SOEDA,<br><br>           Applicant. | Case No.  20-mc-80150-SVK<br><br>**ORDER ON EX PARTE APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>Re: Dkt. No. 1 |

Before the Court is the *ex parte* application of Mr. Tasuku Soeda ("Soeda") for an order pursuant to 28 U.S.C. § 1782 authorizing service of a subpoena for documents on Google LLC ("Google"). Dkt. 1. The proposed subpoena seeks information relating to the Google account of a user who posted a negative review on Google concerning Soeda Ophthalmology Clinic (the "Clinic"), which is located in Japan and is a fictitious business name under which Soeda operates. *Id.* at 1. Soeda alleges that this review constitutes defamation under Japanese law. *Id.*; Dkt. 3 (Declaration of Yasuhiro Watanabe) ¶ 5.

The Court **GRANTS IN PART AND DENIES IN PART** Soeda's application on the conditions and for the reasons discussed below.

I.     **BACKGROUND**

The Clinic operates in Hiroshima, Japan. Dkt. 1 at 2. In December 2019, a particular Google account posted a one-star review and "offensive comment" on the Google Maps review page associated with the Clinic. *Id.* at 2; Dkt. 3 ¶ 4; Exs. A and B to Dkt. 4. Soeda asserts that he intends to bring a lawsuit in Japan against the person who controls the Google Account that posted the review of the Clinic as soon as he ascertains his or her identity. Dkt. 1 at 2; Dkt. 3 ¶ 6. As a result, Soeda seeks discovery of the account user's identity by subpoena to Google.

II.     **LEGAL STANDARD**

A district court may order the production of documents or testimony for use in a foreign legal proceeding under 28 U.S.C. § 1782, as long as the disclosure would not violate a legal privilege. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249

(2004). An applicant may invoke the statute where (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an "interested person." 28 U.S.C. § 1782(a).

A district court is not required to grant an application that meets the statutory criteria, but instead retains discretion to determine what discovery, if any, should be permitted. *Intel*, 542 U.S. at 264. Several factors guide the Court's decision on a Section 1782(a) request:

(1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;"

(2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;"

(3) whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and

(4) whether the discovery requested is "unduly intrusive or burdensome."

*Id*. at 264–65. The party seeking discovery need not establish that the information sought would be discoverable under the governing law in the foreign proceeding or that United States law would allow discovery in an analogous domestic proceeding. *Id*. at 247, 261–63.

A district court's discretion is guided by the twin aims of Section 1782: providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts. *Schmitz v. Bernstein Liebhard & Lifshitz LLP*, 376 F.3d 79, 84 (2d Cir. 2004).

Applications made under 28 U.S.C. § 1782 are typically considered on an *ex parte* basis, since "parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple, Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (quoting *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010)) (internal quotation marks omitted). "Consequently, orders granting § 1782 applications

typically only provide that discovery is 'authorized,' and thus the opposing party may still raise objections and exercise its due process rights by challenging the discovery after it is issued via a motion to quash, which mitigates concerns regarding any unfairness of granting the application *ex parte*." *In re Ex Parte Application Varian Med. Sys. Int'l AG, Applicant*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016).

Unless the district court orders otherwise, the discovery authorized by the court must be obtained in accordance with the Federal Rules of Civil Procedure. 28 U.S.C. § 1782(a); *In re Letters Rogatory from Tokyo Dist. Prosecutor's Office, Tokyo, Japan*, 16 F.3d 1016, 1020 (9th Cir. 1994).

**III.   DISCUSSION**

**A. Statutory Requirements**

Soeda's application satisfies the statutory requirements of Section 1782(a). First, the subpoena seeks discovery from Google, which has its principal place of business in this District. Dkt. 2 ¶ 8. Second, Soeda requests this discovery for use in a civil action for defamation that he intends to file in Japan as soon as he learns the identity of the Google account user responsible for the one-star review posting. Dkt. 1 at 2; Dkt. 2 ¶ 6. This proceeding before a foreign tribunal appears to be within reasonable contemplation. *See Intel*, 542 U.S. at 259 (adjudicative proceedings need not be pending or imminent, so long as they are within reasonable contemplation). Third, Soeda, as the putative plaintiff in the contemplated civil action, is an interested person within the meaning of the statute.

**B. *Intel* Factors**

Although Soeda's application satisfies the statutory requirements, the Court must also determine whether judicial assistance is appropriate by considering the *Intel* factors.

**1. Participation of Target in the Foreign Proceeding**

The first factor considers whether the person from whom discovery is sought is a party to the foreign proceeding. *Intel*, 542 U.S. at 247. However, "the key issue is whether the material is obtainable through the foreign proceeding." *In re Varian Med. Sys.*, 2016 WL 1161568, at *3 (internal quotation marks and citation omitted).

3

According to the application, Google will not be a party to the civil action Soeda plans to bring in Japan. Dkt. 2 ¶ 8. The documents Soeda seeks by subpoena are located in the United States, and Soeda contends that the evidence is thus outside the reach of a Japanese court's jurisdiction. *See id.*; Dkt. 1 at 4. Under these circumstances, the Court finds that there is a need for assistance pursuant to Section 1782, making this factor weigh in favor of permitting discovery

### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

This factor requires the Court to consider "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*, 542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the information sought." *In re Varian Med. Sys.*, 2016 WL 1161568, at *4. "[I]f there is reliable evidence that the foreign tribunal would not make any use of the requested material, it may be irresponsible for the district court to order discovery, especially where it involves substantial costs to the parties involved." *Id.* (quoting *In re Babcock Borsig AG*, 583 F. Supp. 2d 233, 241 (D. Mass. 2008)). Courts have denied requests for discovery where the foreign tribunal or government expressly states it does not want the assistance of a United States federal court under Section 1782. *See, e.g., Schmitz*, 376 F.3d at 84-85 (affirming denial of Section 1782 request where German government expressly objected to the information sought due to concerns it would jeopardize an ongoing German criminal investigation, as well as German sovereign rights); *In re Ex Parte App. Of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1040–41 (N.D. Cal. 2016) (concluding that this *Intel* factor weighed heavily against discovery where Korean Fair Trade Commission filed an amicus brief stating it had no need or use for requested discovery).

Here, Soeda represents that Japanese courts have been receptive in other matters to assistance in discovery from the United States. Dkt. 1 at 4. In the absence of evidence that Japanese courts would object to Soeda's discovery of the information sought in the subpoena, or that Japanese courts object more generally to the judicial assistance of U.S. federal courts, the Court finds that this factor weighs in favor of authorizing service of the subpoena.

4

**3. Circumvention of Proof-Gathering Restrictions**

This Court must next consider whether Soeda's request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis." *In re Varian Med. Sys.*, 2014 WL 1161568, at *5 (citation omitted). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 WL 1557167, at *3 (N.D. Cal. Mar. 30, 2018).

Soeda supports his application with the declaration of Mr. Watanabe, an attorney for Soeda who is licensed to practice in Japan. Dkt. 2 ¶ 1. Mr. Watanabe states that he is aware of no restrictions or policies under Japanese law that would limit the gathering of the evidence Soeda seeks here. *Id.* at ¶ 9. In the absence of contrary information regarding the procedures acceptable to a Japanese court for identifying the Google account-users, the Court concludes that this factor also weighs in favor of discovery.

**4. Unduly Burdensome or Intrusive Discovery**

Under the final factor, the Court considers whether the discovery sought is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

Soeda's proposed subpoena to Google seeks four categories of documents that contain information identifying the account user(s) for the Google Account that posted the review at issue and that show the login history for that account:

1. All DOCUMENTS identifying the user of the ACCOUNT from the date Google Account was created to the present, including names, address (including postal code), e-mail address (including email address used for recovery or other purposes), and telephone number.

2. All DOCUMENTS showing name and address (including postal codes) of credit card holder registered on the ACCOUNT.

    3. All DOCUMENTS showing the access log for the ACCOUNT when each review, comments, photographs, videos, and/or rating was posted on SOEDA'S REVIEW PAGE, including dates, times, IP addresses, and access type.

    4. In case DOCUMENTS requested in item 3 above are not in possession, custody, or control of Google LLC, all DOCUMENTS showing the login histories of the ACCOUNT from the date the foregoing account was created to the present, including dates, times, IP addresses, and access type for each login.

Dkt. 5. The subpoena appropriately does not seek the content of any communications associated with the accounts at issue. *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. C 12-80242 EJD (PSG), 2013 WL 256771 (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*).

    Soeda does not state whether the information he seeks is confidential to the account user(s) at issue, but the Court assumes that it is. Although it is appropriate to authorize Soeda to seek information sufficient to identify the users of the Google account at issue, the categories in the proposed subpoena are overly broad. In particular, Soeda does not adequately define the time period for which information is sought. Category 3 refers to the access log "when each review …" was posted, but does not identify that date. In the event Category 3 documents are not available, Category 4 seeks the login history for the account for the entire period of its existence. In light of Soeda's representation in his application that the review at issue was posted in December 2019 (*see* Dkt. 2 ¶ 4), the following modified categories in the proposed subpoena are sufficient to obtain the information sought:

- Category 1 limited to the period December 1, 2019 to December 31, 2019;
- Category 2 limited to the period December 1, 2019 to December 31, 2019;
- Category 3 limited to the period December 1, 2019 to December 31, 2019;
- Category 4 limited to the period December 1, 2019 to December 31, 2019.

Accordingly, subject to the requirements discussed below, the Court will permit Soeda to serve a subpoena on Google that includes only the modified categories identified above.

### IV. CONCLUSION

Soeda's application meets the statutory criteria for an order authorizing service of the proposed subpoena. In addition, the factors that inform the Court's exercise of its discretion under

*Intel* favor authorizing service of the subpoena proposed by Soeda, as modified by the Court.

Accordingly, the Court authorizes service of a modified subpoena on Google that incorporates the changes noted above. This order does not foreclose a motion to quash or further modify the subpoena by Google following service or by the Google account user(s) whose identifying information is sought, and the Court orders Soeda to comply with the following requirements to ensure all interested persons have an opportunity to contest the subpoena if they wish:

1. At the time of service of the subpoena, Soeda must also serve a copy of this order on Google.
2. Within 10 calendar days of service of the subpoena and this order, Google shall notify each of the account users that their identifying information is sought by Soeda and shall serve a copy of this order on each such account user.
3. Google and/or each account user whose identifying information is sought may, within 21 days from the date of the notice, file a motion in this Court contesting the subpoena (including a motion to quash or modify the subpoena).
4. If any party contests the subpoena, Google shall preserve, but not disclose, the information sought by the subpoena pending resolution of that contest.
5. Any information Soeda obtains pursuant to the subpoena may be used only for purposes of the anticipated action in Japan, and Soeda may not release such information or use it for any other purpose, absent a Court order authorizing such release or use.

**SO ORDERED.**

Dated: October 20, 2020

_____
SUSAN VAN KEULEN
United States Magistrate Judge